## Thompson B. Colwell & wife *vs.* Bernard Alger.

An executor and residuary legatee, by giving bond to pay debts and legacies, conclusively admits assets.

*It seems*, that a direction in a will, that all the legatees shall contribute to the maintenance of the testator, in proportion to their legacies, some of which are specific, is void for uncertainty.

A direction in a will, that a legatee shall maintain the testator, does not constitute a condition precedent to the recovery of the legacy.

An action of contract lies for a specific legacy.

Action of contract against the executor and residuary legatee of Rachel Alger, who had given bond to pay debts and legacies, to recover " one feather bed and bedstead, best bed quilt, best coverlet, best puff, two best bed blankets, and fifty dollars in money," bequeathed by said Rachel to· her granddaughter, the female plaintiff. The will of Rachel Alger, after many other legacies to children and grandchildren, contained the following clause : " And my will is that each and all my heirs, the legatees above named, should bear a proportion of the expenses of my maintenance, in proportion to the legacies bequeathed to them."

At the trial in the court of common pleas, before *Bishop, J.,* the defendant contended that this clause was or constituted a condition precedent; and that the plaintiffs could not recover, without showing that they had borne, or offered to bear, a proportion of such expenses. But the judge ruled that this clause, if it would otherwise have constituted a condition precedent to the recovery of the legacy, was void for uncertainty; that the plaintiffs took the legacy discharged of the condition ; that if the condition was not void for uncertainty, the defendant, by

giving bond to pay debts and legacies, was estopped to deny that the testatrix left assets, and bound to pay the legacies.

The defendant offered to show the relative value of all the legacies in the will, and that the male plaintiff, when demanding the legacies to his wife, offered to pay her share of the maintenance of the testatrix. He also offered to show that the testatrix, after making said will, disposed of nearly all her property, and he maintained her at his own expense from the time of the making of the will until her decease. But the judge excluded all this evidence, and directed a verdict for the plaintiffs for the pecuniary legacy, and for the agreed value of the specific legacies, with interest from the time of demand. A verdict was returned accordingly, and the defendant alleged exceptions.

*E. H. Bennett,* for the defendant.

*E. Ames,* for the plaintiffs.

SHAW, C. J. A residuary legatee and executor, who avails nimself of the privilege of giving bond conditioned to pay debts and legacies, and thereby exempts himself from the duty of returning an inventory, thereby conclusively admits assets ; if he has the slightest doubt that there is sufficient property to pay all debts and legacies, he should give bond in common form.

The direction of the testatrix, in a distinct part of the will, that the heirs and legatees should bear a proportion of the expenses of her maintenance, we are inclined to think void for uncertainty. But whatever else it might have meant, it was not a condition. It was not a condition in terms. Besides, a will can have no operation during the life of the testator; on the contrary, it is supposed to remain unknown, even to the beneficiaries. It would be strange, if acts to be done in the life time of the testatrix should be made a condition on which a legacy is to have effect at her decease ; when the legacy, and even the whole will, may itself be revoked at any time before her decease.

Nor can we perceive any difficulty in maintaining an action. The form of the action is, we suppose, regulated by the new practice. A gift of one " feather bed," if more than one is left,

may not be certain ; but it may be rendered certain, by the designation of the executor, or by his permitting the legatee to select and identify it. If the executor refuses to do either, or, on such designation being made, refuses to deliver it on request, it is a breach of his duty, on which any suitable action will lie. The probate bond given to the judge is merely collateral, as a security for all persons interested, upon all defaults of the executor. *Exceptions overruled.*